UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROGERIO ALBERTO SMIDT,**

      **Plaintiff,**

v.                                             Case No: 6:20-cv-1561-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

### ORDER[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his application for social security disability insurance benefits ("DIBs"), alleging February 1, 2018 as the disability onset date. (Doc. 32 at 1, 4.) In a decision dated February 4, 2020, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 12–24.) Plaintiff has exhausted the available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the joint memorandum (Doc. 32), and the applicable law. For the reasons stated herein, the Court affirms the Commissioner's decision.

---

[1] On June 23, 2021, both parties consented to the exercise of jurisdiction by a magistrate judge. (Doc. 29.) The case was referred by an Order of Reference the same day. (Doc. 30.)

## I. ISSUES ON APPEAL

Plaintiff raises the following issues on appeal:

1. Whether the ALJ erred in determining that the claimant has the residual functional capacity ("RFC") to perform medium work with some additional non-exertional limitations after failing to adequately consider and weigh all of the limitations and opinions of the examining, consultative physician.

2. Whether there is substantial evidence supporting the finding of the ALJ that there are a significant number of jobs in the national economy the claimant could perform.

## II. STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. ANALYSIS

### A. Issue One: Whether the ALJ Erred in Determining Plaintiff's RFC

Plaintiff states the ALJ erred in determining Plaintiff's RFC because she did not indicate the weight assigned to the opinion of Carol Grant, M.D. ("Dr. Grant"). Plaintiff argues that, even in light of the new regulations regarding the evaluation of

medical opinions, when a physician offers a statement reflecting "judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions," the ALJ must state with particularity the weight given to it and the reasons therefore. (Doc. 32 at 11 (citing *Winschel*, 631 F.3d at 1178).) Dr. Grant noted Plaintiff has 20/200 vision in his left eye, which Plaintiff contends is a limitation rendering Dr. Grant's evaluation a medical opinion. Plaintiff argues that because the ALJ failed to factor this limitation into the RFC determination or present it for consideration to the vocational expert, the RFC determination is not supported by substantial evidence. (*Id.*)

The Commissioner responds that Dr. Grant's statement is not a "'medical opinion' requiring the ALJ's evaluation" because Dr. Grant's evaluation "fails to comment on what Plaintiff capabilities [sic] despite his impairments, and more explicitly, fails to comment on Plaintiff's functional limitations in relation to his ability to work." (Doc. 32 at 13–14.) The Commissioner contends this statement constitutes objective medical evidence, which the ALJ "reviews with the record but does not have to evaluate the persuasiveness." (*Id.* at 14.)

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In determining a claimant's RFC, the ALJ must consider all relevant

evidence, including the opinions of medical and non-medical sources. 20 C.F.R. § 404.1545(a)(3).

As both parties properly state, under the revised regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[2] 4) specialization and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

Additionally, pursuant to the new regulations, a "medical opinion" is defined as "a statement from a medical source about what [the claimant] can still do despite [his/her] impairments(s)" and whether the claimant has any "impairment-related limitations or restrictions" regarding certain enumerated abilities. 20 C.F.R. § 404.1513(a)(2). A "medical opinion" does not include "judgments about the nature and severity of [the claimant's] impairments, . . . medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." *Id.* § 404.1513(a)(3) (defining these categories of information as "other medical evidence"). *See also Rice v.*

---

[2] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

*Kijakazi*, Case No. 4:20-cv-01414-RDP, 2021 WL 3473219, at *5 (N.D. Ala. Aug. 6, 2021) ("Statements by a medical source reflecting judgments about a claimant's diagnosis and prognosis are not considered medical opinions because they do not necessarily provide perspectives about the claimant's functional abilities and limitations."). In revising the definition of "medical opinion," the Social Security Administration recognized that "[d]iagnoses and prognoses do not describe how an individual functions" and that although the SSA considers a claimant's statements about his or her symptoms, "[a] more appropriate focus of medical opinions would be perspectives from medical sources about claimants' functional abilities and limitations." 81 Fed. Reg. at 62,562.

The Court agrees with the Commissioner that Dr. Grant's statement that Plaintiff has 20/200 vision in his left eye does not constitute a "medical opinion" for purposes of the regulations. *See* 20 C.F.R. § 404.1513(a). Nothing in the statement, nor anything in the evaluation, discusses Dr. Grant's perspective on what Plaintiff "can still do despite [his] impairments" or whether Plaintiff has any "impairment-related limitations or restrictions" regarding the enumerated categories in § 404.1513(a)(2). Rather, Dr. Grant's statement seems to fall squarely within the separate category of objective medical evidence. *See* 20 C.F.R. § 404.1513(a)(1). The ALJ was correct in determining that Dr. Grant "conducted a consultative exam on September 25, 2018, and did not opine to any functional limitations," and therefore, the ALJ was not required to assign weight to the evaluation. (Tr. 20–21; *see Romero v. Comm'r of Soc. Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018) ("The administrative law judge was not

required to state what weight he assigned to medical records that did not qualify as medical opinions. An administrative law judge is obligated to assign a weight only to a statement that constitutes a medical opinion.").) Accordingly, the ALJ did not err in determining Plaintiff's RFC.

### B. Issue Two: Whether There Is Substantial Evidence Supporting the ALJ's Finding That There Are a Significant Number of Jobs in the National Economy Plaintiff Could Perform

Plaintiff argues the ALJ erred by relying on the vocational expert's ("VE") testimony because the three potential occupations the VE identified—meat clerk, grocery bagger, and patient transporter—are in apparent conflict with the Dictionary of Occupational Titles ("DOT"). (Doc. 32 at 18.) Plaintiff states that "[r]equiring a person to use a meat grinder, seems as though it would be an apparent conflict with the DOT." (*Id.*) With respect to the occupations of grocery bagger and patient transporter, Plaintiff argues "both of these other two jobs require a person to use and/or collect equipment that could potentially cause harm to the employee or other nearby individuals." (*Id.*) Plaintiff contends that because of these apparent conflicts, the ALJ's reliance on the VE's testimony "is equivalent to a finding that is not supported by substantial evidence and must be vacated." (*Id.* (quoting *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1282 (11th Cir. 2020)).) The Commissioner responds that there is no conflict "between the jobs provided by the VE and the DOT, because all three jobs comport with the ALJ's RFC determination." (Doc. 32 at 20.) The Commissioner explains that the jobs listed by the VE do not include working with hazardous materials or tools, as set out in Social Security Ruling ("SSR") 96-9p;

therefore, there was no conflict for the ALJ to resolve and her finding is supported by substantial evidence.

At step five of the sequential evaluation, the ALJ must determine whether jobs exist in significant numbers in the national economy that a plaintiff can perform. *Winschel*, 631 F.3d at 1180. "The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform." *Phillips*, 357 F.3d at 1242. An ALJ may use the Medical Vocational Guidelines or may obtain the testimony of a VE to determine whether there are jobs that exist in the national economy that a claimant can perform. *Winschel*, 631 F.3d at 1180. If the ALJ decides to use a VE, for the VE's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)).

Additionally, the Eleventh Circuit has held that ALJs "have an affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT and resolve them." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018). If any apparent conflict exists, the ALJ must do more than simply ask the VE whether his testimony is consistent with the DOT—the ALJ must "offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict." *Id.* The failure to do so "means that the ALJ's decision, when based on the contradicted VE testimony, is not supported by substantial evidence." *Id.*

Here, the ALJ concluded Plaintiff has the RFC to perform "medium work (20 CFR 404.1567(c)), except occasionally balance, and climb ramps or stairs, but never ladders, ropes, or scaffolds. Avoid: work at heights, work with dangerous machinery and dangerous tools, and noise should be no greater than loud, as defined by the DOT." (Tr. 18.) As cited by the Commissioner, SSR 96-9P defines hazards as "moving mechanical parts of equipment, tools, or machinery; electrical shock; working in high, exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic chemicals." *Titles II & XVI: Determining Capability to Do Other Work-Implications of A Residual Functional Capacity for Less Than A Full Range of Sedentary Work*, SSR 96-9P, 1996 WL 374185, at *9. The DOT's definitions of meat clerk, grocery bagger, and patient transporter state that the "activity or condition does not exist" for each of these listed hazards. DOT, 222.684-010, 1991 WL 672129 (4th ed., rev. 1991); DOT, 920.687-014, 1991 WL 687964; DOT, 355.677-014, 1991 WL 672947. Thus, as the Commissioner argues, there is no apparent conflict between the DOT and the RFC concerning these occupations. *Estes v. Comm'r of Soc. Sec.*, No. 2:20-cv-225-JLB-NPM, 2021 WL 4822599, at *10–11 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3910134 (M.D. Fla. Sept. 1, 2021) (finding no apparent conflict where the plaintiff claimed the job of laundry laborer requires work around dangerous machinery but the DOT "explicitly notes neither vibration, nor the environmental conditions of moving mechanical parts, electric shock, high exposed places, radiation, explosives, or toxic caustic chemicals are present for jobs in this occupation"). Accordingly, the ALJ did not err by relying on the VE's testimony, and there is

substantial evidence supporting her finding that there are a significant number of jobs in the national economy the Plaintiff could perform.

IV. **CONCLUSION**

Upon consideration of the foregoing, it is **ORDERED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**; and
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on December 9, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE